UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY JOE MAYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No.  12-3143-CV-S-BCW-P |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# **O R D E R**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his convictions in the Circuit Court of Pulaski County, Missouri, for two counts each of murder in the first degree and armed criminal action. The victims were petitioner's wife and stepdaughter. The Missouri Supreme Court affirmed petitioner's convictions but reversed his death sentences for the murders. S*tate v. Mayes*, 63 S.W.3d 615 (2001). The Circuit Court of Pulaski County resentenced petitioner to life imprisonment without parole, and, thereafter, the Missouri Court of Appeals affirmed the denial of petitioner's motion for post-conviction relief. *Mayes v. State*, 349 S.W.3d 413 (2011).

Petitioner's grounds for relief in this case are the same claims he presented to the Missouri Supreme Court and the Missouri Court of Appeals. *See* Doc. 1, pp. 9, 11, 12, and 14 (petition in which, as his first four grounds for relief, petitioner directs the reader to "see attached pages from Mo. Sup. Court brief");[1] Doc. 1-4 (attachment to petition that lists the claims petitioner presented to the Missouri Supreme Court and the Missouri Court of Appeals).

---

[1]Page citations are to the electronic record.

The facts of this case are set out fully in *Mayes*, 63 S.W.3d at 621-24, and will be restated here only as needed to explain petitioner's claims.

## The Claims Presented to the Missouri Supreme Court

Petitioner presented the following claims to the Missouri Supreme Court: (1) the prosecutor engaged in misconduct by eliciting testimony that petitioner had asked an acquaintance, prior to the murders, where petitioner could buy a gun to use in a robbery, when the prosecutor knew that the robbery was "hypothetical," (2) the trial court failed to allow petitioner allocution before sentencing him to death, (3) the trial court erred by admitting evidence that petitioner had asked Michael James about buying a gun, (4) the trial court improperly instructed the jury regarding imposition of the death penalty, (5) the trial court erred by limiting petitioner's cross-examination of informant David Cook and plainly erred by failing to instruct the jury "regarding the special situation of snitches," (6) the death sentences were disproportionate, (7) the trial court erred by allowing the prosecutor to elicit evidence regarding "the sexual nature of [charges that were pending against petitioner at the time of the murders, and by] refusing to reopen voir dire so that [petitioner] could measure the impact of such evidence," (8) the trial court erred by admitting into evidence three autopsy photographs, (9) the trial court erred by allowing the prosecutor to present evidence that petitioner had sodomized one of his victims, (10) one of the jurors was not forthright when the trial judge asked the venire "'whether you or any of your loved ones or close friends have ever been the victim of a crime,'" (11) the trial court erred by striking a potential juror who stated that she could not sign a death verdict, (12) the trial court plainly erred by not declaring a mistrial, *sua sponte*, based on the prosecutor's improper closing argument, (13) the trial court erred by admitting certain hearsay statements during the penalty phase of the trial, (14) the trial court erred by admitting into evidence testimony regarding petitioner's argumentative character and that petitioner had been "let go" from his job, (15) the trial court

plainly erred by allowing a physician to testify that petitioner offered no exculpatory explanation for marks on his hands, and (16) – (18) the trial court committed various evidentiary and other errors during the penalty phase of the trial. Doc. 1-4, pp. 14-43 (attachment to petition).

As stated previously, the Missouri Supreme Court reversed petitioner's death sentences. Therefore, petitioner is entitled to no relief on grounds (2), (4), (6), (11), (13), (16), (17), and (18) because those claims, which relate only to the death sentences, are moot.

The Missouri Supreme Court considered and rejected petitioner's remaining claims, concluding that: (1) and (3) the prosecutor did not engage in misconduct because petitioner had moved to exclude testimony regarding the "hypothetical" robbery, and he "cannot now complain of error in a ruling he requested," *Mayes*, 63 S.W.3d at 627 (footnote omitted); [2] (5) the trial court afforded defense counsel "broad latitude" in cross-examining informant David Cook, and did not err by refusing to give a special jury instruction on the particular credibility (or lack of credibility) of "prison snitches," *id*. at 629-30; (7) evidence of statutory sodomy charges that were pending against petitioner at the time of the murders was relevant to show motive, and a ruling in petitioner's favor on the reopening of voir dire "would entirely change the nature of both voir dire and *in limine* practice [in Missouri]", *id*. at 628-29; (8) the three autopsy photographs in question were admissible because they "showed the nature and extent of [the victim's] wounds and aided in establishing the State's case and in helping the jury understand it, *id*. at 632; (9) evidence that petitioner sodomized his stepdaughter victim was admissible because the it was "legally relevant [in that] it provided the jury with a complete picture of the crime, [it] tended to show deliberation, motive, and animus on [petitioner's] part, and . . . it was not unduly prejudicial in light of its

---

[2]Petitioner's first ground for relief also contains claims that relate to the penalty phase of the trial. Because the Missouri Supreme Court reversed petitioner's death sentences, those claims are moot and will not be discussed.

probative value," *id*. at 631; (10) a potential juror's failure to respond during voir dire when the judge asked, "'whether you or any of your loved ones or close relatives have ever been the victim of a crime,'" was not necessarily inconsistent with her response on a juror questionnaire, *id* at 624-26; (12) the trial court did not commit plain error by failing to grant a mistrial *sua sponte* based on the prosecutor's comments closing argument that any verdict less than first-degree murder would be "an insult" to the victims because the argument amounted to "an appropriate summation of whether [petitioner's] actions constituted first-degree murder," *id*. at 632-33;³ (14) evidence that petitioner argued with his wife and lost his job was admissible in that it was offered to prove motive and not bad character, *id*. at 633; and (15) testimony by a physician regarding ligature marks on petitioner's hands was admissible because, although the physician examined petitioner without his attorney present, petitioner had not yet invoked his right to counsel as to the murders, *id*. at 633-34.

The Missouri Supreme Court's resolution of petitioner's claims was not based on "an unreasonable determination of the facts in light of the evidence" or an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Ellis v. Norris*, 232 F.3d 619, 622 (8th Cir. 2000) (federal habeas court must defer to state court's interpretation of state law), *cert. denied*, 532 U.S. 935 (2001); *McDonald v. Bowersox*, 101 F.3d 588, 596 (8th Cir. 1996) (federal habeas corpus relief may not be granted unless the alleged trial error was "gross, conspicuously prejudicial or of such import that the trial was fatally infected") (citation and quotation marks omitted), *cert. denied*, 521 U.S. 1127 (1997); *Mack v. Caspari*, 92 F.3d 637, 641 (8th Cir. 1996) (federal court may grant habeas corpus relief on a claim that has been rejected by a

---

³Petitioner's twelfth ground for relief also contains claims that relate to the penalty phase of the trial. Because the Missouri Supreme Court reversed petitioner's death sentences, those claims are moot and will not be discussed.

state court on plain-error review "only if manifest injustice resulted from the alleged errors") (quotation marks omitted), *cert. denied*, 520 U.S. 1109 (1997).  S*ee also Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000) (regarding state criminal convictions, "[j]ury instructions involve questions of state law, and [a federal habeas corpus petitioner] has the burden of showing that the instructions used constituted a fundamental defect that resulted in a miscarriage of justice"); *Sublett v. Dormire*, 217 F.3d 598, 600 (8th Cir. 2000) (on a claim of improper closing argument, federal habeas relief will be denied unless "the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process") (quotation marks omitted), *cert. denied*, 531 U.S. 1128 (2001); R*ichardson v. Bowersox*, 188 F.3d 973, 979-81 (8th Cir. 1999) (state court's "holding on a matter of state evidentiary law is not grounds for federal habeas relief unless it was so unfair as to constitute a denial of due process"), *cert. denied*, 529 U.S. 1113 (2000); *United States v. Cassel*, 668 F.2d 969, 971 (8th Cir.) ("judges are accorded substantial discretion in determining how best to conduct voir dire"), *cert. denied*, 457 U.S. 1132 (1982).

Applying the legal standards cited above, and for the reasons explained in *Mayes*, 63 S.W.3d 615, petitioner is entitled to no relief in this case based on the claims he presented to the Missouri Supreme Court.

<u>The Claims Presented to the Missouri Court of Appeals</u>

Petitioner presented the following claims to the Missouri Court of Appeals, all of which concern allegations of ineffective legal assistance by petitioner's public defenders: (1) three of petitioner's attorneys operated under an actual conflict of interest due to their involvement in the representation of informant David Cook, who testified against petitioner at his trial; (2) counsel failed to challenge Cook's testimony by pointing out the leniency Cook received in exchange for

5

his testimony; (3) counsel failed to move to suppress evidence obtained from petitioner's residence and car during illegal searches; and (4)-(5) counsel failed to move to exclude Cook's testimony based on alleged untimely disclosure by the State and police misconduct. Doc. 1-4, pp. 1-10 (attachment to petition).

The Missouri Court of Appeals considered and rejected petitioner's claims, concluding that: (1) there had been "no actual conflict of interest, no sharing of information about one client for the benefit of another, and no defense strategy foregone out of consideration for Cook," *Mayes*, 349 S.W.3d at 416-17: (2) and (4)-(5) "counsel was given broad latitude in cross-examining Cook about his motive to lie," and that "a motion to exclude Cook [as a witness] was unnecessary and would have been denied by the trial judge," *id*. at 417-18 (quotation marks omitted); and (3) "with his lawyer present, [petitioner] expressly consented to police searches of his house and vehicle and to seizure of any evidence that law enforcement would deem necessary, *id*. at 419 (quotation marks omitted).

In a federal habeas corpus proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct [and petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Perry v. Kemna*, 356 F.3d 880, 883 (8th Cir. 2004) (§ 2254(e)(1)'s presumption applies to facts underlying ineffective-assistance claims). Petitioner has presented no such evidence regarding his ineffective-assistance claims. Furthermore, the Missouri Court of Appeals' resolution of those claims was not based on an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to establish ineffective assistance of counsel, habeas petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance

6

prejudiced the defense); *Reed v. Norris*, 195 F.3d 1004, 1006 (8th Cir. 1999) ("We find it unnecessary to discuss the reasonableness of counsel's conduct because, given the overwhelming evidence of [petitioner's] guilt presented at trial, . . . it would be impossible for him to demonstrate prejudice under *Strickland*.")

As his final ground for relief, petitioner claims that the Circuit Court of Pulaski County erred by not ordering a "new partial hearing" on his motion for post-conviction relief due to an electronic-recording error. Doc. 1-4, p. 11 (attachment to petition). However, as the Missouri Court of Appeals noted: "The parties obtained an affidavit from the witness [whose testimony had been electronically overwritten] and submitted the affidavit to the court along with stipulations by the parties. . . . [Petitioner's] motion counsel proposed this solution [and petitioner] cannot claim advantage from self-invited error or challenge a procedure to which his counsel agreed." *Mayes*, 349 S.W.3d at 419. More to the point in this case, "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (citations and quotation marks omitted).

Applying the legal standards cited above, and for the reasons explained in *Mayes*, 349 S.W.3d 413, petitioner is entitled to no relief in this case based on the claims he presented to the Missouri Court of Appeals.

Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, and that this case is dismissed.

/s/ Brian C. Wimes
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: <u>May 8, 2014.</u>

7